IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON  DIVISION

| | | |
|---|---|---|
| JOHN STANGEL, #1279383 | } | |
| | } | |
| V. | } | CIVIL ACTION NO. G-07-413 |
| | } | |
| JOHN SEALY HOSPITAL, ET AL. | } | |

## <u>ORDER OF DISMISSAL</u>

On or about June 19, 2007, Plaintiff, **John Stangel,** a prisoner in the Texas prison system, submitted to the Court a complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights which was filed by the Clerk's Office on the same date.

The Court has become aware that **John Stangel,** is no longer entitled to proceed <u>in forma pauperis</u> pursuant to Title 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1996.  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought any action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Pursuant to this law if, at some time in the past, three civil rights actions or appeals filed by a prisoner have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, said prisoner cannot file or continue to pursue any civil complaints *in forma pauperis*, ***regardless of merit***, unless the Court first finds the prisoner is about to suffer ***serious physical*** injury.  Plaintiff's pleadings here do not show such danger.

It appears that the following lawsuits and/or appeals filed by **John Stangel** have been dismissed as frivolous or malicious: *Stangel v. U.S. Department of Energy*, No. 5:02cv1211 (W.D. San Antonio); *Stangel v. TDCJ, et al.*, No.6:06cv495 (E.D. Tyler); *Stangel v. Direct Trialer, Co.*, 6:07cv193 (E.D. Tyler).  Each of these dismissals appears to qualify as a "strike" under the preclusive "three strike provision" of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).  Therefore, **John Stangel,** cannot be afforded the continued privilege of proceeding *in forma pauperis*.

For the foregoing reasons, it is **ORDERED** that **John Stangels'** complaint is **DISMISSED without prejudice under 28 U.S.C. § 1915(a)**.

If **John Stangel** submits the full balance of the filing fee of **$350.00** to the Clerk, this Court will entertain a Motion to Reinstate his complaint.

**SIGNED** at Houston, Texas, this1st day of November, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE